NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1537
_____

MARK YAKUBOV,
Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A071-316-352)
Immigration Judge:  Honorable Leo A. Finston
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 19, 2014
Before:  HARDIMAN, NYGAARD and ROTH, Circuit Judges

(Opinion filed: October 7, 2014)

_____

OPINION
_____

PER CURIAM

Mark Yakubov petitions for review of the Board of Immigration Appeals' ("BIA")

final order of removal.  The BIA dismissed Yakubov's appeal from the Immigration

Judge's ("IJ") order that he be removed to Israel or, in the alternative, to Russia.  We will

grant the petition for review and vacate the BIA's ruling that Yakubov is not entitled to

deferral of removal from Russia on the merits. As we shall explain, our ruling does not disturb the IJ's order that Yakubov be removed to Israel and the Government is free to effectuate that order.

I.

Yakubov, a Jewish citizen of Russia, was admitted to the United States as a refugee in 1995 and later adjusted his status to lawful permanent resident. Yakubov's admission followed his severe beating by three policemen in the Russian Republic of Dagestan that left him in a coma for four days and the hospital for one month. Yakubov attributes the beating to anti-Semitism.

In 2010, Yakubov pleaded guilty to attempted burglary in violation of N.J. Stat. Ann. §§ 2C:5-1 and 2C:18-2, and to unlawful possession of a handgun in violation of N.J. Stat. Ann. § 2C:39-5(b). The trial court sentenced him to four to seven years in prison. The Government ultimately charged him as removable for having been convicted of (1) a firearm offense, see 8 U.S.C. § 1227(a)(2)(C), and (2) the aggravated felony of attempting to commit a burglary, see 8 U.S.C. §§ 1101(a)(43)(G), (U), 1227(a)(2)(A)(iii). Yakubov conceded removability but applied for asylum, withholding of removal and relief under the Convention Against Torture ("CAT") on the ground that he faces persecution and torture on account of his religion if removed to Russia.

The IJ found Yakubov's testimony credible but denied his application and ordered

2

his removal to Israel or, alternatively, to Russia if Israel does not accept him.[1]  In particular, the IJ concluded that Yakubov had been convicted of an aggravated felony and a "particularly serious crime" that renders him ineligible for asylum or withholding of removal.  See 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii).  That ruling—which Yakubov did not challenge before the BIA and has not challenged on review—left deferral of removal under the CAT as Yakubov's only potential form of relief.  The IJ denied deferral of removal on the merits, and the BIA dismissed Yakubov's appeal on the merits as well.  Yakubov petitions for review.

## II.

Yakubov has never contested his removability per se or claimed that he faces any mistreatment if removed to Israel.  He also did not seek any relief from removal to Israel before the BIA and has not sought any such relief on review.  Instead, his sole challenge is to the Agency's alternative order of removal to Russia.  Although our jurisdiction over final orders of removal under 8 U.S.C. § 1252(a)(1) generally gives us jurisdiction to review alternative orders of removal, we conclude that Yakubov's challenge is premature.

Deferral of removal may be granted only if the applicant "establish[es] that it is more likely than not that he or she would be tortured if removed to the proposed country

---

[1] Yakubov requested removal to Israel in the event the IJ found him removable and testified that, although he has never resided in Israel, he has "a lot of relatives there."

3

of removal."  8 C.F.R. § 1208.16(c)(2) (emphasis added); see also 8 C.F.R. § 1208.17(a) (requiring deferral of removal when an alien satisfies this standard but is ineligible for withholding).  In this case, Israel is "the proposed country of removal," while Russia is merely an alternative proposed country of removal.  See 8 C.F.R. § 1240.10(f) (contrasting "the country" of removal designated by the IJ with "countries in the alternative").  "Under the plain wording of 8 C.F.R. § 1208.16, an applicant is not entitled to adjudication of an application for withholding of removal to a country that nobody is trying to send them to."  Su Hwa She v. Holder, 629 F.3d 958, 965 (9th Cir. 2010).

There is no indication of record that the Government is or may become unable to remove Yakubov to Israel and, although we express no opinion on the issue, we note that Israel generally permits Jews to settle there under its Law of Return.  See Fox v. Clinton, 684 F.3d 67, 70-71 (D.C. Cir. 2012) (citing Law of Return, 5710-1950, 4 LSI 114 §§ 1-3 (1949-1950), as amended by Law of Return (Amendment 5714-1954)).  Thus, Yakubov's claim for deferral will not become ripe unless and until the Government's efforts to remove him to Israel prove unsuccessful.  See Su Hwa She, 629 F.3d at 956 & n.7.

For this reason, we will vacate the BIA's order to the extent that it affirmed the IJ's denial of Yakubov's claim for deferral of removal to Russia on the merits and will remand for the BIA to dismiss his appeal instead on the ground that Russia is not

4

presently "the proposed country of removal." 8 C.F.R. § 1208.16(c)(2).[2] Because

Yakubov did not challenge his removal to Israel before the BIA, there is no basis for the

BIA to engage in any further proceedings at this time. Thus, our ruling does not disturb

Yakubov's order of removal to Israel. That order remains in effect and the Government

is free to effectuate it. If the Government is unable to remove Yakubov to Israel, then

Yakubov may file a motion to reopen with the BIA seeking a ruling on the merits of his

claim for deferral of removal to Russia at that time. Cf. Su Hwa She, 629 F.3d at 961,

965. Yakubov's unsupported request in his reply brief for release on bail is denied.

---

[2] Although the IJ's resolution of this claim on the merits was premature for the same reason the BIA's resolution was premature, it is neither necessary nor appropriate for us to direct the BIA to remand to the IJ for a similar disposition at this time. The IJ has developed a factual record on this claim and, if consideration of this claim on the merits becomes appropriate in the future, the BIA can decide in its discretion whether a remand to the IJ for further factfinding is warranted.